UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

           Plaintiff,

v.

GARY E. LUCAS,

           Defendant.

CASE NO. 3:14-CV-05851-RBL-DWC

ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Presently before the Court are Plaintiff's Motion to Strike Defendant's Motion to Dismiss (Dkt. 27), Motion for Leave to Amend (Dkt. 29), Motion to Compel (Dkt. 30), and Motion for Enlargement of Time (Dkt. 33).[1]

**A. Motion for Leave to Amend (Dkt. 29)**

Plaintiff filed a Motion for Leave to Amend and attached his proposed First Amended Complaint to his Motion. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

---

[1] Also pending is Defendant Lucas's Motion to Dismiss (Dkt. 21), which the Court will address in a separately filed Report and Recommendation.

ORDER - 1

(1) *Amending as a Matter of Course*
   A party may amend its pleading once as a matter of course within:
   (A) 21 days after serving it, or
   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*

   In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires

Defendant filed an Answer -- a responsive pleading -- on January 9, 2015. Dkt. 16. Plaintiff effectively filed his Motion for Leave to Amend on March 24, 2015, which was more than 21 days after the Answer was filed. *See* Dkt. 29. As Plaintiff is unable to amend his Complaint as a matter of course under Rule 15(a)(1) and does not have Defendant's consent to amend, he must have leave of the court to amend his Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed.R.Civ.P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*. 170 F.3d 877, 880 (9th Cir. 1999)). Further, the Ninth Circuit "established that a *pro se* litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that [the deficiencies] cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

Plaintiff filed the Motion attempting to cure the deficiencies in his original Complaint, which were raised in Defendant Lucas's pending Motion to Dismiss. Allowing Plaintiff to amend his Complaint will not result in undue delay. The Court must also provide Plaintiff with the opportunity to amend his Complaint, as Plaintiff, a *pro se* litigant, appears to be able to cure the deficiencies of his Complaint. The Court finds justice so requires he be allowed to amend his Complaint and file his proposed amended complaint.

Accordingly, Plaintiff's Motion for Leave to Amend is granted, and Plaintiff's proposed amended complaint, attached to his Motion, is hereby deemed filed as Plaintiff's First Amended Complaint. *See* Dkt. 29-1. The Clerk is directed to separately docket Plaintiff's proposed amended complaint (Dkt. 29-1) as Plaintiff's First Amended Complaint.

The Court notes the First Amended Complaint supersedes the original Complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff has not alleged any claims against Defendant Lucas in his First Amended Complaint. If Plaintiff intends to allege claims against Defendant Lucas, he must file a second amended complaint by July 17, 2015. The second amended complaint may not incorporate any part of the First Amended Complaint by reference, and will act as a complete substitute for the First Amended Complaint, and not as a supplement.

**B. Motion to Strike (Dkt. 27)**

Plaintiff filed a Motion requesting the Court strike Defendant's Motion to Dismiss because Plaintiff filed a Motion to Amend. Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff does not assert, nor does the Court find, Defendant's Motion to Dismiss presents an insufficient defense or contains any redundant, immaterial, impertinent, or scandalous matter. Accordingly, Plaintiff's Motion to Strike is denied.

**C. Motion to Compel (Dkt. 30)**

Plaintiff filed a Motion to Compel, wherein he requests the Court order Defendant or his counsel provide Plaintiff with the necessary resources for Plaintiff to "record and transcribe the depositions" at Defendant's expense. The costs of discovery should be borne by the party requesting discovery. It is not Defendant's responsibility to provide Plaintiff with the resources necessary for him to conduct depositions at Defendant's expense. *See Lewis v. Casey*, 518 U.S. 343, 384 (1996) (an inmate's constitutional right of access to the courts does not impose "an affirmative obligation on the states to finance and support prisoner litigation"); *Manley v. Zimmer*, 2013 WL 5978021, *3-4 (D. Nev. Nov. 8, 2013) (finding the expenses for the plaintiff's discovery should be borne by the plaintiff, and not the responsibility of the defendants); *Merchant v. Lopez*, 2010 WL 890139, *1 (S.D. Cal. March 8, 2010) (findings a prisoner plaintiff financially responsible for the depositions of witnesses, not the court or the defendants). Accordingly, Plaintiff's Motion to Compel is denied.

**D. Motion for Enlargement of Time (Dkt. 33)**

On May 18, 2015, Plaintiff signed -- effectively filing -- a Motion requesting the Court extend the discovery period by 60 days. The discovery period was set to expire on May 22, 2015. Dkt. 17. Plaintiff requests additional time because he has been waiting for decisions from the Court on several pending motions. Defendant consents to the enlargement of time. Dkt. 31. Plaintiff's Motion for Enlargement of Time is granted. The discovery period for Plaintiff and Defendant Lucas must be completed on or before August 18, 2015.

Dated this 18th day of June, 2015.

David W. Christel
United States Magistrate Judge