UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L NASH,

           Plaintiff,

    v.

RICHARD I BISHOP, PAUL DOUGHER, KIM BELTRAN, KURT HOLLOPETER, JACK HUFF,

           Defendants.

CASE NO. 3:14-CV-05851-RBL-DWC

ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Presently before the Court are Plaintiff's Motion for Court Ordered Conference Hearing (Dkt. 55), Motion for an Order to Obtain Court Reporter (Dkt. 57), Motion to Discharge Defense Counsel (Dkt. 58) and Motion for Enlargement of Time (Dkt. 66).

**A. Motion for Court Ordered Conference Hearing (Dkt. 55)**

Plaintiff requests a Court Ordered Conference Hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure. Dkt. 55. However, a discovery conference hearing is not required in this prisoner civil rights action. *See* Fed. R. Civ. P. 26(a)(1)(B)(vi), (f)(1); *Grigsby v. Munguia,*

ORDER - 1

2015 WL 1671257, at *3 (E.D. Cal. Apr. 14, 2015). Accordingly, Plaintiff's Motion is denied. However, Plaintiff is encouraged to correspond with counsel for Defendants regarding Defendants' responses to Plaintiff's discovery requests.

**B. Motion for an Order to Obtain Court Reporter (Dkt. 57)**

The Court denied Plaintiff's prior Motion to Compel requesting that Defendants provide Plaintiff with the necessary resources for Plaintiff to "record and transcribe the depositions" at Defendant's expense. Dkts. 30, 37. The Court noted the costs of discovery should be borne by the party requesting discovery. *Id*.

Plaintiff now requests the Court obtain a court reporter or notary to swear deponents. Dkt. 57. The Court reiterates it is not the Court's responsibility to provide Plaintiff with the resources necessary for him to conduct depositions. *See* Dkt. 37 (*citing Lewis v. Casey*, 518 U.S. 343, 384 (1996) (an inmate's constitutional right of access to the courts does not impose "an affirmative obligation on the states to finance and support prisoner litigation") and *Merchant v. Lopez*, 2010 WL 890139, *1 (S.D. Cal. March 8, 2010) (finding a prisoner plaintiff financially responsible for the depositions of witnesses, not the court or the defendants)).

Further, Rule 30 of the Federal Rules of Civil Procedure provides that "[t]he noticing party bears the recording costs" in conducting depositions. Fed. R. Civ. P. 30(b)(3)(A). Although the Court granted plaintiff's application to proceed *in forma pauperis,* (Dkt. 5), the *in forma pauperis* statute, 28 U.S.C. § 1915, only waives the filing fee for an indigent prisoner's civil rights complaint, and it does not require the Court to order financing of the entire action or waiver of fees or expenses for witnesses. *Hadsell v. Comm'r Internal Revenue Serv.,* 107 F.3d 750, 752 (9th Cir. 1997); *Dixon v. Ylst,* 990 F.2d 478, 480 (9th Cir. 1993); *Tedder v. Odel,* 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam). Thus, Plaintiff is financially responsible for all

other costs of litigation including the cost of a court reporter. Given the costs associated with a court reporter, a party should consider alternative and less expensive means of obtaining discovery, such as interrogatories, requests for production, and/or deposition by written questions. Accordingly, Plaintiff's Motion to for the Court to Obtain a Court Reporter is denied.

### C. Motion to Discharge Defense Counsel and Impose Penalties and Sanctions (Dkt. 58)

Plaintiff seeks to discharge counsel for Defendants and impose sanctions under Federal Rule of Civil Procedure 11. Dkt. 58. Plaintiff states that counsel has harassed and caused unnecessary delay in discovery related matters. *Id.* Further, Plaintiff alleges that counsel has attempted to prohibit Plaintiff from requesting assistance from the Clark County Prosecuting Attorney's Office to obtain documents relevant to "a pending investigation necessary to commence with a criminal proceeding," *see id.* at 4, and defense counsel has continued to forward mail through the Clark County Jail Staff employees, *id.* at 5. Plaintiff states he has filed a grievance complaint against counsel with the Washington State Bar Association ("WSBA") which the WSBA has dismissed. *Id.*

In opposition, Defendants argue that Plaintiff has failed to provide any facts or legal authority in support of his Motion and that plaintiff's claim under Rule 11 is meritless. Dkt. 59 at 2. Further, Defendants request the Court to consider whether Plaintiff's motion warrants sanctions. *Id.*

Rule 11 sanctions may be imposed "when a filing is 'frivolous,' meaning that it is 'baseless and made without a reasonable and competent inquiry.' " *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir. 1990). Here, Plaintiff fails to provide any facts supporting his claim that Defendants made representations or filed documents with the Court that would constitute an unwarranted, frivolous or unsupported claim or denial. Plaintiff's Motion is

not authorized under Rule 11 and Plaintiff cites to no other legal authority for his Motion. Thus, the Court denies Plaintiff's Motion and also denies Defendants' request to impose sanctions against Plaintiff at this time.

**D.  Motion for Enlargement of Time (Dkt. 66)**

On August 7, 2015, Plaintiff filed a Motion requesting the Court extend the discovery period by 60 days to October 18, 2015. Dkt. 66. However, on August 27, 2015, the Court entered a Revised Pretrial Scheduling Order (Dkt. 68) with a new discovery deadline of February 27, 2016. Thus, Plaintiff's Motion is moot.

Accordingly, it is ORDERED:

1) Plaintiff's Motion for Court Ordered Conference Hearing (Dkt. 55) is denied.

2) Plaintiff's Motion for an Order to Obtain Court Reporter (Dkt. 57) is denied.

3) Plaintiff's Motion to Discharge Defense Counsel and to Impose Sanctions (Dkt. 58) is denied.

4) Plaintiff's Motion for Enlargement of Time (Dkt. 66) is moot.

Dated this 1st day of September, 2015.

_____
David W. Christel
United States Magistrate Judge

ORDER - 4