UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L NASH,

          Plaintiff,

   v.

RICHARD I BISHOP, PAUL DOUGHER, KIM BELTRAN, KURT HOLLOPETER, JACK HUFF,

          Defendants.

CASE NO. 3:14-CV-05851-RBL-DWC

ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Presently before the Court are Plaintiff's Motion to Compel (Dkt. 70) and Motion to Disqualify Defense Counsel (Dkt. 71). Defendants filed Responses to both Motions. Dkts. 72, 73.[1] Plaintiff filed a reply. Dkt. 74.[2]

---

[1] The Court notes Defendants failed to timely file their responses in accordance with Local Rule 7(d), which states that any opposition must be filed and served no later than the Monday before the noting date. The noting date for Plaintiff's Motions was November 20, 2015. *See* Dkts. 70, 71. Thus, Defendants' responses would have been due on Monday, November 16, 2015. *See* LCR 7(d). Defendants filed their Response to Plaintiff's Motion to Compel on Tuesday, November 17, 2015, *see* Dkt. 72, and their Response to Plaintiff's Motion to Disqualify

ORDER - 1

**A. Motion to Compel (Dkt. 70)**

Plaintiff alleges Defendants' responses to Plaintiff's Requests for Production are insufficient. Dkt. 70 at 5. Plaintiff specifically challenges Defendants' responses to the following requests: #4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14. *Id.*

In opposition, Defendants contend Plaintiff's Motion is factually and legally frivolous. Dkt. 74. Defendants contend Plaintiff does not show Defendants' responses are insufficient, but instead points out Plaintiff's dissatisfaction with Defendants' responses. *Id.*

When a party fails to answer an interrogatory under Rule 33 or fails to permit inspection of documents under Rule 34, the requesting party may move the court for an order compelling discovery. Fed. R. Civ. P. 37(a)(3). For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, a party is only required to produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a).

The Court notes Defendants responded to Plaintiff's discovery requests and Plaintiff's letter regarding discovery disputes. Dkt. 70, Exhibit 1. However, Plaintiff has not shown Defendants are in possession of any of the documents Plaintiff seeks to obtain. *See* Fed. R. Civ. P. 34(a). Plaintiff cannot compel Defendants to produce documents not in their possession, custody, or control. The Court notes Plaintiff may obtain documents from non-parties, but he

---

Defendant's Counsel on November 18, 2015, *see* Dkt. 73. However, because Plaintiff has not objected to the timeliness of Defendants' Responses, the Court will consider the Responses.

[2] Plaintiff's Reply was also untimely as it was due on November 20, 2015, but not filed until December 2, 2015. *See* Dkt. 74. *See also* LCR 7(d). However, the Court will also consider Plaintiff's Reply because Defendants do not object and Plaintiff has shown good cause for the late filing.

must request a subpoena directly from the Clerk of the Court under Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 34(c). Accordingly, Plaintiff's Motion to Compel (Dkt. 70) is denied.

**B. Motion to Discharge Defense Counsel (Dkt. 71)**

Plaintiff seeks to disqualify counsel for Defendants pursuant to Local Rules 83.2(b) and 7(d)(3). Dkt. 71. Plaintiff "asks the [C]ourt to intervene and make a determination on whether or not [D]efendants['] counselor who is currently placed in an active court case as a defendant would constitute as a conflict of interest." *Id.* at 7. In opposition, Defendants argue Plaintiff's motion is frivolous and without legal support. Dkt. 73.

The Local Rules cited by Plaintiff do not address the issue of disqualification and instead, address how counsel may appropriately withdraw from representation. Generally, " 'courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.' " *Kasza v. Browner,* 133 F.3d 1159, 1171 (9th Cir. 1998) (quoting *United States v. Rogers,* 9 F.3d 1025, 1031 (2d Cir. 1993) (internal quotations omitted)); *see also Wilson v. California Dept. of Corrections,* 2007 WL 173789 at *1 (E.D. Cal. 2007). Thus, Plaintiff does not have standing to seek the disqualification of an attorney representing the Defendants and the Court denies Plaintiff's motion.

**C. Defendants' Request for Sanctions (Dkts. 72, 73)**

In their Responses, Defendants urge the Court to issue sanctions on Plaintiff because Plaintiff's Motions lack factual or legal merit. *See* Dkts. 72, 73. However, if Defendants wish the Court to take any action, Defendants will have to file a motion that is properly noted and served on all parties who have filed a notice of appearance in this matter. The Court declines to consider Defendants' request at this time.

Accordingly, it is ORDERED:

1) Plaintiff's Motion to Compel (Dkt. 70) is denied.

2) Plaintiff's Motion to Disqualify Defense Counsel (Dkt. 71) is denied.

Dated this 16th day of December, 2015.

David W. Christel
United States Magistrate Judge