HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH L. NASH, | CASE NO. C14-5851-RBL |
| Plaintiff, | ORDER |
| v. | DKT. ##92, 94, 95 |
| GARY E. LUCAS, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Plaintiff Nash's motion seeking an extension of time to conduct discovery [Dkt. #92], motion to depose a witness telephonically [Dkt. #94], and motion to record the deposition non-stenographically [Dkt. #95]. Nash is incarcerated at the Stafford Creek Corrections Center. He asks the Court to grant him 90 additional days to depose his witness, Jeffrey Barrar, and for permission to do so telephonically. He also asks for permission to pay to record Barrar's deposition non-stenographically. Defendants did not respond.

(1)     The Court ordered the parties to complete discovery by November 28, 2016. Nash filed his request to extend the discovery deadline by 90 days on November 16. It is his third request for an extension of time. He claims his incarceration has hindered his ability to timely

ORDER - 1

1  depose Barrar. Nash's request for additional time [Dkt. #92] is GRANTED IN PART. He may
2  have 30 days from the date of this order to complete his deposition.

3  (2)  Nash argues that because he is incarcerated, he needs to depose Barrar
4  telephonically. He also argues he needs "this relief so [he] may comply with the court's ordered
5  [sic] to conduct deposition." Dkt. #94 at 4. Notably, the Court did **not** order Barrar to submit to a
6  deposition; it directed service on him because Nash is IFP and incarcerated. No one—Nash,
7  Defendants, or Barrar—has argued the propriety of Nash's desired deposition, and so the Court
8  has **not** had the opportunity to consider its merits. Nash's motion [Dkt. #94] is DENIED to the
9  extent he is asking the Court to order Barrar's deposition.

10  To the extent Nash is asking for permission to depose Barrar telephonically if it occurs,
11  his motion [Dkt. #94] is GRANTED subject to SCC protocols. The Court may allow a deposition
12  to be taken over the phone. *See* Fed. R. Civ. Pro. 30(b)(4). Because Nash is incarcerated, he may
13  depose Barrar telephonically, if the deposition occurs, provided he adheres to SCC safety
14  procedures.

15  (3)  Nash asks the Court to permit him to record Barrar's deposition non-
16  stenographically. In effect, he asks the Court to compel a non-party, the SCC, to alter its security
17  protocols to permit him access to a recording device. He has not demonstrated such relief is
18  necessary or appropriate. To the extent Nash asks the Court to compel the SCC to produce a
19  recording device, his motion [Dkt. #95] is DENIED.

20  To the extent Nash asks for permission to pay to record Barrar's testimony, if it occurs,
21  with a device located outside the SCC, his motion [Dkt. #95] is GRANTED. A party may pay to
22  record a deposition by audio or audiovisual means or to have it transcribed. *See* Fed. R. Civ. Pro.
23
24

DKT. ##92, 94, 95 - 2

1  30(b)(3). Therefore, Nash may pay to record Barrar's deposition provided that the recording

2  device is located outside the SCC, on Barrar's end of the telephone.

3      Dated this 21st day of December, 2016.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge