HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| KEITH L NASH, | CASE NO. C14-5851-RBL |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| GARY E LUCAS, et al. | DKT. #99 |
| Defendants. | |

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [Dkt. #99]. Plaintiff Keith Nash claims the Defendants, employees of Clark County Jail, violated his civil rights under 42 U.S.C. § 1983 by delaying his access to a notary and to the law library. Defendants ask the Court to dismiss his claims, arguing (1) Nash was provided a notary to execute a power of attorney, (2) notary service unrelated to litigation is not a civil right, and (3) he never filed a grievance about a lack of legal supplies, so failed to exhaust the administrative remedies available to him. Nash asserts, in a conclusory fashion, that the Defendants ignored his requests for access to the law library and to a notary, which forced him to submit unauthenticated pleadings and led to the loss of his car. He similarly asserts he exhausted his administrative options by filing a grievance about his need for a notary.

**DISCUSSION**

**A.  Standard of Review.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome are irrelevant to the consideration of a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

**B.  Right to a Notary is Limited.**

According to Nash, he requested a notary to execute a power of attorney, and was provided one within one month. He argues this delay violated his right to access the courts. Defendants argue Nash cannot show he was denied access to a notary for a non-personal matter, and the Court agrees.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a violation of his rights secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under the color of state law. *Parratt v. Taylor*, 452 U.S. 527, 535,

101 S. Ct. 108 (1981). To be liable, the wrongdoer must personally cause the violation. *Leer v. Murphy*, 844. F.2d 628, 633 (9th Cir. 1988).

Notary services are a secured civil right only under limited circumstances. State prison authorities must provide indigent inmates "with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith*, 430 U.S. 817, 825, 97 S.Ct. 1491 (1977). This access to the courts does not extend indefinitely, however. The tools prison authorities must provide "are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174 (1996) (emphasis in original).

Nash has not shown he requested a notary to challenge his sentence or confinement, and that the Defendants denied him such access. Therefore, under *Triton Energy Corp.*, he cannot sustain his § 1983 claim against them. *See* 68 F.3d at 1221.

**C.  Exhaustion Requirement.**

Nash also argues the Defendants delayed his access to the prison's law library and legal supplies. Defendants argue Nash never submitted a grievance regarding access to the law library related to challenging his sentence or confinement, and so failed to exhaust his administrative remedies.

The Prison Litigation Reform Act requires inmates in correctional facilities to exhaust their administrative remedies through the correctional facility's grievance process before filling a lawsuit related to the conditions of their confinement. *See* 42 U.S.C. § 1997e(a).

1   Nash has failed to show he filed a grievance about an alleged denial of access to the law
2   library or to legal supplies. He therefore failed to exhaust the administrative remedies available
3   to him, and cannot now pursue such a claim.

**CONCLUSION**

Defendants' Motion for Summary Judgment [Dkt. #99] is GRANTED. Nash's pending motion [Dkt. #134] is DENIED as moot. The case is closed.

IT IS SO ORDERED.

Dated this 30th day of May, 2017.

Ronald B. Leighton
United States District Judge